**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| NANYA AMIR EL, | : Civil Action No. 09-128 (NLH) |
| Plaintiff, | : |
| v. | : |
| T MOBILE, | : |
| Defendant. | : **O P I N I O N** |

**APPEARANCES:**

NANYA AMIR EL, Plaintiff pro se
P. O. Box 251
Ardmore, Pennsylvania  19003

**HILLMAN**, District Judge

Plaintiff Nanya Amir El ("Amir El"), who proceeds pro se, filed this Complaint alleging discrimination based upon his national origin pursuant to 42 U.S.C. § 2000a-1.

At this time, the Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **Standard of Review**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915

provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need

detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Amir El is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Amir El proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

## II. Plaintiff's Allegations

The Complaint contains two counts. Count One alleges a violation of 42 U.S.C. § 2000a-1 and Count Two alleges false advertisement by misleading the public about non-discriminatory policies. More specifically, the Complaint alleges that Amir El was denied the equal opportunity to purchase a family telephone plan from Defendant T Mobile ("T Mobile") due to his national origin tribe. The Complaint does not identify the "tribe" but Amir El describes himself as an "indigenous tribal chief libellant non resident alien to all colonial territories living on camping grounds in the land north amexam with freehold status." (D.I. 2.) The Complaint alleges that Amir El was purchasing a telephone plan and, when asked for his identification, he presented his national origin tribal identification ("I.D."). Amir El was told that the I.D. could not be accepted because it was not state issued.

The Complaint alleges that the tribal I.D. is equal to any state I.D. It further alleges that, while the identification is not issued by "any colonial state,"[1] Amir El should be afforded equal footing with his tribal I.D. as any state issued I.D. Amir

---

[1] Presumably, Amir El is referring to the fifty states that comprise the United States of America.

4

El seeks $100,000 in damages.

III. **Discussion**

    A.  42 U.S.C. § 2000a-1

Count One, Amir El's main complaint, is brought pursuant to 42 U.S.C. § 2000a-1 of the Public Accommodations law, Title II of the Civil Rights Act, 42 U.S.C. § 2000a-1 *et seq.* Section 2000a-1 provides that "[a]ll persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin . . . ." 42 U.S.C. § 2000a-1. Title II, however, not confer the right to monetary damages. See 42 U.S.C. § 2000a-3; Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Rather, it is primarily is utilized to gain admittance to clubs, restaurants, and organizations which restrict their membership or clientele via discrimination. See, e.g., New York State Club Ass'n Inc. v. City of New York, 487 U.S. 1 (1988); Roberts v. United States Jaycees, 468 U.S. 609 (1984); United States v. Johnson, 390 U.S. 563, 567 (1968). Amir El does not seek injunctive relief. Hence, he has no remedy under this 42 U.S.C. § 2000a-1.

Moreover, there are no allegations in the Complaint that Amir was excluded from a public accommodation. It is clear from the allegations that he shopped at T Mobile and its employees provided him services. Amir El alleges discriminatory act occurred when he was requested to provide a state issued I.D.

5

Said allegation, however, does not implicate a denial of service in a public accommodation.

Additionally, Amir El alleges discrimination based upon his national origin but, other than to refer to the "tribe," the Complaint fails to state what Amir El's national origin might be. "National origin" usually refers to the "country where a person was born, or, more broadly, the country from which his or her ancestors came." Storey v. Burns Int'l Sec. Services, 390 F.3d 760, 762 n.3 (3d Cir. 2004) (quoting Espinoza v. Farah Mfg. Co., Inc., 414 U.S. 86, 88 (1973)).

Finally, the Complaint fails to explain how Amir El was treated differently than other similarly situated persons. Even liberally construing the Complaint, as the Court must, it is obvious that Amir El was denied a telephone plan because he did not have a state issued I.D. - apparently a requirement by T Mobile for any potential customer regardless of national origin. The Complaint does not contain facts establishing discrimination based upon national origin, it is frivolous, and, therefore, dismissal is appropriate.

    B.    False Advertisement

Count Two alleges false advertisement. The allegations for this claim are sparse, make little sense, and consist of conclusory allegations. The claim is deficiently pled even

liberally construing it as law fraud claim under Delaware law.[2] See Mullen v. Alarmguard of Delmarva, Inc., Civ. No. 90C-11-40-1CV, 1992 WL 114040, at * 2 (Del. Super. 1992). Under Delaware law, to state a claim for common law fraud and/or misrepresentation, the plaintiff must plead facts supporting an inference that: (1) the defendants falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendants knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendants intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance. Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1074 (Del. 1983).

The allegations in the Complaint are frivolous and do not state a cognizable claim. Indeed, it is apparent from the allegations that T Mobile advised Amir El of its policy that it required a state issued I.D. for purchasers of its telephone plans. Accordingly, the Court will dismiss Count Two as frivolous.

IV. **Conclusion**

Because this Court finds that Amir El cannot make any

---

[2] The acts complained of occurred in Delaware. (D.I. 2, at ¶ 3.)

rational argument in law or fact to support his claims, the Court will dismiss the Complaint, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order accompanies this Opinion.

NOEL L. HILLMAN
United States District Judge

Dated: April 6, 2009
At Camden, New Jersey